'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KLAUBER BROTHERS, INC,

        Plaintiff,

  v.

ANA ACCESSORIES
CORPORATION,

        Defendant.

CV 22-03142-RSWL-JPRx

**ORDER re:
DEFENDANT'S MOTION TO
DISMISS** [13]

    Plaintiff Klauber Brothers, Inc. ("Plaintiff")
brings this Action against Defendant Ana Accessories
Corporation ("Defendant") alleging copyright
infringement and vicarious and/or contributory copyright
infringement.  Currently before the Court is Defendant's
Motion to Dismiss Plaintiff's Complaint ("Motion") [13].

    Having reviewed all papers submitted pertaining to
the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**
the Court **GRANTS in part** and **DENIES in part** Defendant's
Motion **WITH LEAVE TO AMEND.**

1

# I.   BACKGROUND

## A.   Factual Background

Plaintiff is a New York corporation that allegedly owns an original artwork design ("Subject Design") that it fashions into lace.  Compl. ¶¶ 4, 9, ECF No. 1.  To protect the Subject Design, Plaintiff owns a United States Copyright Registration, Registration No. VA 180-563.  Id. ¶ 10.  Plaintiff alleges it samples and sells the Subject Design lace to members in the fashion and apparel industries.  Id. ¶ 11.

Defendant is a California corporation.  Id. ¶ 5. Defendant allegedly sold infringing garments (collectively, "Garment Designs") that bear either substantially similar or identical artwork to the Subject Design.[1]   Id. ¶ 13.

Plaintiff alleges these Garment Designs infringe on Plaintiff's Subject Design.  Id. ¶ 18.  Plaintiff alleges Defendant discovered the Subject Design by accessing a) Plaintiff's showroom and/or design library, b) stolen Subject Design copies sold by third-party vendors, c) Plaintiff's strike-offs and samples, and d) garments manufactured and sold to the public that lawfully bear the Subject Design.  Id. ¶ 17.

Plaintiff alleges that Defendant participated and directly controlled the Garment Designs' manufacturing.

---

[1] Plaintiff attached in its Complaint side-by-side photographs to show similarities between the Subject Design and the Garment Designs.  Compl. ¶ 14.

1   Id. ¶ 26.

2   **B.   <u>Procedural Background</u>**

3       On May 9, 2022, Plaintiff filed its Complaint [1].

4   On July 1, 2022, Defendant filed the instant Motion[2]

5   [13].  On July 27, 2022, Plaintiff opposed [17].

6   Defendant did not file any reply.

7                   **II.   DISCUSSION**

8   **A.   <u>Legal Standard</u>**

9        Federal Rule of Civil Procedure 12(b)(6) allows a

10  party to move for dismissal of one or more claims if the

11  pleading fails to state a claim upon which relief can be

12  granted.  A complaint must contain sufficient facts,

13  accepted as true, to state a plausible claim for relief.

14  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation

15  omitted).  Dismissal is warranted for a "lack of a

16  cognizable legal theory or the absence of sufficient

17  facts alleged under a cognizable legal theory."

18  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

19  (9th Cir. 1988) (citation omitted).

20      "In ruling on a 12(b)(6) motion, a court may

21  generally consider only allegations contained in the

22  pleadings, exhibits attached to the complaint, and

23  matters properly subject to judicial notice."  <u>Swartz v.</u>

24  <u>KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007) (citation

25  omitted).  A court must presume all factual allegations

26

27       [2] Defendant mistakenly filed the instant Motion [13] as an
    answer instead of a motion to dismiss.  The Court corrected the

28  mistake and treated the filing as a motion to dismiss.

1  to be true and draw all reasonable inferences in favor

2  of the non-moving party.  Klarfeld v. United States, 944

3  F.2d 583, 585 (9th Cir. 1991).  The question is not

4  whether the plaintiff will ultimately prevail, but

5  whether the plaintiff is entitled to present evidence to

6  support the claims.  Jackson v. Birmingham Bd. of Educ.,

7  544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416

8  U.S. 232, 236 (1974)).  While a complaint need not

9  contain detailed factual allegations, a plaintiff must

10 provide more than "labels and conclusions" or "a

11 formulaic recitation of the elements of a cause of

12 action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

13 (2007).

14 **B.  Discussion**

15      Defendant seeks to dismiss Plaintiff's two claims:

16 1) copyright infringement and 2) vicarious and/or

17 contributory copyright infringement.  See generally

18 Def.'s Mot. to Dismiss ("Mot."), ECF No. 13.

19      1.   Copyright Infringement Claim[3]

20      To proceed with a copyright infringement claim,

21 Plaintiff must allege (1) "ownership of a valid

22 copyright" and (2) "copying of constituent elements of

23 the work that are original."  Twentieth Century Fox Film

---

24      [3] Plaintiff broadly alleged infringement by pleading
25 Defendant had offered garments for sale under the name Style No.
   KL4610 (Pampered Life Sheer Socks) that are "identical to or
26 substantially similar to the Subject Design."  Compl. ¶ 13.
   Given that this language does not contain sufficient facts to
27 state a plausible claim for relief, this paragraph alone is an
28 insufficient pleading for infringement.

1  Corp. v. Ent. Distrib., 429 F.3d 869, 876 (9th Cir.
2  2005).
3          a.  *Ownership*
4      A complaint is acceptable if it simply alleges
5  "present ownership by plaintiff, registration in
6  compliance with the applicable statute and infringement
7  by defendant." Perfect 10, Inc. v. Cybernet Ventures,
8  Inc., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001).
9  Here, Plaintiff has alleged ownership and registration
10 in compliance with the applicable statute by pleading it
11 owns the United States Copyright Registration for the
12 Subject Design, Registration No. VA 180-563.  Compl. ¶
13 10.  Therefore, Plaintiff has properly pled ownership.
14          b.  *Copying*
15     When no direct evidence of copying is available,
16 copying may be established by demonstrating that "the
17 [defendant] had access to plaintiff's copyrighted work"
18 and "the works at issue are substantially similar in
19 their protected elements." Cavalier v. Random House,
20 Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citation
21 omitted).  In some cases, "absent evidence of access, a
22 'striking similarity' between the works may give rise to
23 a permissible inference of copying." Baxter v. MCA,
24 Inc., 812 F.2d 421, 423 (9th Cir. 1987).
25          i.  *Plaintiff Insufficiently Pled*
26              *Access*
27     Proof of access requires a plaintiff to show "that
28 the defendant had an opportunity to view or to copy

1  plaintiff's work." Sid & Marty Krofft TV Prods. v.

2  McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977).

3  "Access must be more than a bare possibility and may not

4  be inferred through speculation or conjecture." Gaste

5  v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir. 1988).  The

6  plaintiff "must show a reasonable possibility" that

7  defendant had access to plaintiff's work. Art Attacks

8  Ink, Ltd. Liab. Co. v. MGA Enter. Inc., 581 F.3d 1138,

9  1143 (9th Cir. 2009).  Thus, access may be proved by

10  either 1) "establishing a chain of events linking

11  plaintiff's work and defendant's access," or 2) "showing

12  that plaintiff's work has been widely disseminated."

13  Id.

14     Plaintiff alleges that Defendant had an opportunity

15  to view or copy the Subject Design by having access to

16  Plaintiff's showroom, third-party vendor's copies of the

17  Subject Design, Plaintiff's samples, and garments

18  manufactured and sold bearing the Subject Design's

19  print.[4]  Compl. ¶ 17.  These general opportunities

20  neither allege that the Subject Design was widely

21  disseminated, nor do they allege specific events linking

22  Defendant's access to the Subject Design.  Such

23  allegations show no more than a bare possibility that

24

25     [4] Defendant argues that Plaintiff has not sufficiently pled
   that Defendant had access to Plaintiff's Subject Design because
26  the Complaint does not specifically name Defendant as having
   access.  Mot. at 12:5-9.  However, in its Complaint, Plaintiff
27  "alleges that Defendants . . . had access to Subject Design" and
   then lists the opportunities for access.  Compl. ¶ 17.
28

Defendant had access to Plaintiff's Subject Design and
therefore are insufficient to plead access.  See Shame
on You Prods. v. Banks, 120 F. Supp. 3d 1123, 1149 (C.D.
Cal. 2015) ("To satisfy its burden of pleading access,
plaintiff must allege facts 'from which a reasonable
finder of fact could infer that the defendant had a
reasonable opportunity to copy his or her work.'"
(quoting Grubb v. KMS Patriots, L.P., 88 F.3d 1, 3 (1st
Cir. 1996))).

### ii. Plaintiff Sufficiently Pled Striking Similarity

Works are strikingly similar when the similarities
between them are so great that they are highly unlikely
to have been independently created.  Rentmeester v.
Nike, Inc., 883 F.3d 1111, 1124 (9th Cir. 2018).  In
assessing whether a particular work is strikingly
similar, or substantially similar, the Court performs a
two-part test, an extrinsic and intrinsic test.
Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980,
985 (9th Cir. 2017).  The extrinsic test objectively
compares similarities in the works' specific expressive
elements.  Id.  The intrinsic test looks to see whether
an ordinary audience would find the works' total concept
and feel to be substantially similar.  Id.

Courts typically only analyze the extrinsic test
because the intrinsic test is usually "exclusively the
province of the jury."  Funky Films, Inc. v. Time Warner
Ent. Co., Ltd. P'ship, 462 F.3d 1072, 1077 (9th Cir.

2006).  A plaintiff who cannot satisfy the extrinsic
test loses because there must be "evidence on both the
extrinsic and intrinsic tests."  Id. (quoting Kouf v.
Walt Disney Pictures & Tele., 16 F.3d 1042, 1045 (9th
Cir. 1994)).

     Defendant argues that Plaintiff failed to establish
striking similarity in the Complaint.  See Mot. 12:23-
13:6.  Defendant does not argue that the intrinsic test
cannot be met.  See id. at 13:21-24.  Instead, it argues
that the extrinsic test is not met because Plaintiff did
not examine the similarities and compare the designs.
See id. at 13:25-14:4.  However, Plaintiff compared side
by side in its Complaint images of the Subject Design
and the Garment Designs and argued that the designs
share identical or substantially similar elements,
composition, arrangement, layout, and appearance.
Compl. ¶¶ 13-15.  These allegations satisfy the
extrinsic test because Plaintiff compared the designs'
specific expressive elements, and based off the provided
images, the Court cannot at this time conclude that the
garments are not strikingly similar.  See L.A. Printex
Indus. v. Macy's Retail Holdings, Inc., 2011 U.S. Dist.
LEXIS 88733, at *16 (C.D. Cal. Aug. 9, 2011) (explaining
that a jury could find striking similarity when a
copyrighted work and an allegedly infringing garment
compared side by side show strong similarities).

     Therefore, given that the extrinsic test can be
met, and the intrinsic test is exclusively the province

1  of the jury, Plaintiff has properly alleged striking

2  similarity.  With the facts alleged, Plaintiff

3  sufficiently pled striking similarity and "access may be

4  inferred."  Malibu Textiles, Inc. v. Label Lane Int'l,

5  Inc., 922 F.3d 946, 952 (9th Cir. 2019).  Therefore,

6  ownership and copying have been sufficiently pled.

7      Accordingly, the Court **DENIES** Defendant's Motion on

8  Plaintiff's copyright infringement claim.

9      2.   Plaintiff's Claim for Vicarious and/or

10          Contributory Copyright Infringement

11      Defendant seeks to dismiss Plaintiff's

12  contributory/vicarious copyright infringement claim on

13  the basis that Plaintiff failed to identify third-party

14  direct infringement.  See Mot. at 15:7-14.  "Secondary

15  liability for copyright infringement does not exist in

16  the absence of direct infringement by a third party."

17  A&M Records v. Napster, Inc., 239 F.3d 1004, 1013 n.2

18  (9th Cir. 2000).  Plaintiff therefore must identify some

19  third party before alleging Defendant's liability for

20  vicarious and/or contributory infringement.

21      Plaintiff attempted to identify a third party,

22  www.dollskills.com, in its Opposition to Defendant's

23  Motion.  See Pl.'s Opp'n to Def.'s Mot. to Dismiss

24  ("Opp'n") 9:18-20, ECF No. 17.  This third party was not

25  mentioned in the Complaint.  See generally Compl.  In

26  determining whether to dismiss under Rule 12(b)(6), a

27  "court may not look beyond the complaint to a

28  plaintiff's moving papers, such as a memorandum in

opposition to a defendant's motion to dismiss." <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citation omitted).  While this new third party alleged in the Opposition may not be considered in whether to grant or deny the Motion, it may be considered when granting leave to amend or dismissing with prejudice. <u>Orion Tire Corp. v. Goodyear Tire & Rubber Co.</u>, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

Here, Plaintiff does not plead sufficient facts to indicate direct infringement by a third party.  There is not a single third party identified in the Complaint. <u>See generally</u> Compl.  Without establishing this preliminary requirement for a claim of contributory/vicarious copyright infringement, Plaintiff's claim fails.  <u>See Viesti Assocs. v. Pearson Educ., Inc.</u>, Civil Action No. 12-cv-02240-PAB-DW, 2013 U.S. Dist. LEXIS 113323, at *23-24 (D. Colo. Aug. 12, 2013) ("Given that no third parties are identified in the complaint, [the plaintiff]'s claim that [the defendant] had the right to control these unidentified third parties is speculative and conclusory.").

Accordingly, the Court **GRANTS** Defendant's Motion on Plaintiff's contributory/vicarious copyright infringement claim.

*3.* <u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint once "as a matter of course" before a responsive pleading is served.

After that, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. Leave to amend lies "within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has noted "on several occasions . . . that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires.'" Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)).

Here, Plaintiff has not previously amended its Complaint. Plaintiff may be able to plead a specifically named third party for which Defendant could be liable for contributory/vicarious copyright infringement. Therefore, leave to amend would not be futile.

Accordingly, the Court **GRANTS LEAVE TO AMEND** regarding Plaintiff's contributory/vicarious copyright infringement claim.

///
///
///
///
///
///

11

### III. CONCLUSION

Based on the foregoing, the Court **DENIES in part** Defendant's Motion as to Plaintiff's copyright infringement claim and **GRANTS in part** as to Plaintiff's contributory/vicarious copyright infringement claim **WITH LEAVE TO AMEND.** Plaintiff may file an amended complaint by no later than **October 31, 2022.**

**IT IS SO ORDERED.**

DATED: September 30, 2022    /s/Ronald S.W. Lew
                                      **HONORABLE RONALD S.W. LEW**
                                      Senior U.S. District Judge